IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DESIRAE DANIELLE PARKER,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA BOARD OF PARDONS & PAROLE and MIKE MCKEE,<br><br>Defendants. | CV 13-127-BLG-SEH-CSO<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pending is Plaintiff Desirae Danielle Parker's Motion to Proceed in Forma Pauperis (*ECF 1*) and proposed Complaint (*ECF 2*). The motion to proceed in forma pauperis will be granted but Parker's Complaint fails to state a claim upon which relief may be granted and will be recommended for dismissal.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

Parker has submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Parker is required to pay the statutory filing fee of $350.00. Parker submitted an account statement showing average monthly deposits of $58.33 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $11.67 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the Montana Women's Prison to collect the initial partial filing fee from Parker's account and forward it to the Clerk of Court.

Thereafter, Parker must make monthly payments of 20% of the preceding month's income credited to her prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the Montana Women's Prison to forward payments from her account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Because Parker is a prisoner proceeding in forma pauperis, her

Complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A. These sections allow for the dismissal of a pro se complaint before it is served on the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551, U.S. 89 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, the district court may grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can deny leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## III. ANALYSIS

### A. Eleventh Amendment

The Montana Board of Pardons and Parole is a state agency protected by immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim against the Board of Pardons and Parole cannot be brought in federal court.

There is an exception to the general prohibition of the Eleventh Amendment when seeking prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997). To the extent Parker has sued Mike McKee in his official capacity, those claims are addressed below.

**B. Absolute Immunity of Parole Board Members**

In the Ninth Circuit, "parole board members are entitled to absolute immunity when they perform quasi-judicial functions." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (citations and internal

quotations omitted). Quasi-judicial functions or those which are "functionally comparable to tasks performed by judges" exist where parole board members adjudicate whether "to grant, deny, or revoke parole." *Swift*, 384 F.3d at 1189; *see also Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981). This rule ensures that adjudicators are not required to anticipate lawsuits from every dissatisfied parole applicant. *Sellars*, 641 F.2d at 1303.

McKee's decision to deny Parker parole is a quasi-judicial functions for which he is entitled to absolute immunity.

### C. Challenge to Denial of Parole

Parker seeks an injunction ordering a new parole hearing before September 2014, she asks that her disposition and report be changed with true facts, and that she be granted the opportunity for community placement. In *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997), the plaintiff alleged in a § 1983 action that defendants violated his due process rights "by considering false information in his prison file to find him ineligible for parole." The Ninth Circuit held that where a challenge to the procedures used in the denial of parole "necessarily

implicates the validity of the denial parole and, therefore, the prisoner's continuing confinement[,]" the § 1983 action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Here, insofar as Parker's claims concerning her September 2013 parole hearing "necessarily implicate[ ] the validity of the denial of parole," a § 1983 action is not the proper vehicle to challenge the Board's procedures and/or decision. If Parker wishes to challenge the denial of parole, she must file a petition for writ of habeas corpus.

## IV. CONCLUSION

Parker has not named a proper defendant and her claims are barred by the *Heck* doctrine. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court before or after the notice of appeal is filed certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to

> proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. §1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Parker' claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### B. "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three

-8-

or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. §1915(g). The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in Heck is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327 DMS AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

In addition, Parker has otherwise failed to state a claim against

Defendants. Both are entitled to immunity. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

**C. Address Change**

At all times during the pendency of this action, Parker shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, **IT IS ORDERED** that:

1. Parker' Motion to Proceed in Forma Pauperis (*ECF 1*) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 2*) to remove the word "LODGED." The Complaint is deemed filed on October 4, 2013.

Further, **IT IS RECOMMENDED** that:

1. This matter should be dismissed. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Parker failed to state a claim upon which relief could be granted and failed to name a defendant who is not immune.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. §636(b)(1), Parker may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Order is served upon her which it the dated entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Parker files objections, she must itemize each factual finding to

which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Parker from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of October, 2013.

    /s/ Carolyn S. Ostby
United States Magistrate Judge